home (*People v Mealer*, 57 NY2d 214, 219 [1982], *cert denied* 460 US 1024 [1983]; *see People v Clark*, 15 AD3d 864, 865 [2005], *lv denied* 4 NY3d 885, 5 NY3d 787 [2005]). We further conclude that the emergency doctrine is applicable. There were multiple shots fired and the police were unaware whether anyone other than the deceased victim had been shot or whether there were occupants in the house who otherwise might require protection or assistance, nor can it be said that the search was "primarily motivated by intent to arrest and seize evidence" (*People v Mitchell*, 39 NY2d 173, 177 [1976], *cert denied* 426 US 953 [1976]; *see People v Dallas*, 8 NY3d 890 [2007]).

Contrary to defendant's further contention, the testimony of the police witness that the victim's mother told him that defendant shot her son does not constitute improper bolstering of the testimony of the victim's mother. As the court properly determined, the statement of the victim's mother to the police witness falls within the excited utterance exception to the hearsay rule and thus does not constitute improper bolstering (*see People v Simms*, 244 AD2d 920 [1997], *lv denied* 91 NY2d 897 [1998]). Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS COCHRAN, Appellant. (Appeal No. 1.) [869 NYS2d 846]—

Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS COCHRAN, Appellant. (Appeal No. 2.) [869 NYS2d 846]—

Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRETT A. MCGRAW, Appellant. [869 NYS2d 893]—